IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.  3:04cr88/LAC
 3:07cv307/LAC/MD

**BRIAN PUGH**

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 83). The government has filed a response (doc. 85) and the defendant has filed a reply (doc. 87). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a single count indictment with knowingly and corruptly and by threats willfully endeavor to influence, intimidate and impeded the due administration of justice in the matter of *United States v. Brian a Pugh*, case 3:02cr110/RV by threatening an officer of the court, United States Probation Officer Donna Easterling, in the discharge of her duty during a sentencing proceeding in

violation of Title 18 U.S.C. § 1503. (Doc. 1). Attorney Gary Lee Printy was appointed to represent him. (Doc. 10).

The charges were based on defendant's allegedly having gestured and mouthed threatening words towards Ms. Easterling during his sentencing in criminal case number 3:02cr110/RV. The defendant's actions were observed and brought to the court's attention by the court reporter, and also seen by Ms. Easterling. The defendant was questioned about his actions by the court, and while he denied making threats to the probation officer, he admitted mouthing words to the effect of "you bitch" and making a gesture across his throat with his hand. (Doc. 85, exh. 3 at 3-4).

Defendant filed a motion to dismiss for violation of defendant's right against double jeopardy (doc. 13), a motion to change venue (doc. 14), a motion for discovery (doc. 15) and a motion to suppress (doc. 16), to which the government responded. (Doc. 17, 18, 19 & 20). The court denied the motions and deferred ruling on the motion to suppress. (Doc. 22, 23, 24 & 25). Defendant then filed a motion to dismiss based on vindictive prosecution, which was also denied. (Doc. 26, 29 & 30). Counsel's motion to withdraw was denied after a hearing. (Doc. 27, 28, 31, 32, 69). Defendant was convicted as charged. (Doc. 36).

The PSR set defendant's base offense level at 12. The level was increased by eight pursuant to 2J1.2(b)(1) of the U.S.S.G. because the offense involved a threat to cause physical injury to a person in order to obstruct the administration of justice. Defendant received an additional three level increase pursuant to § 3A1.2(a) because the offense involved an official victim and was motivated by the victim's status, and a two level obstruction of justice adjustment for his false testimony at his trial for a total offense level of 25. He had a criminal history category of VI, and the applicable guidelines range was therefore 110 to 120 months.

Defendant submitted a response and amended response to the PSR. (Doc. 42 & 43). He moved to continue sentencing indefinitely (doc. 44), and to arrest

judgment or in the alternative to withhold adjudication of guilt (doc. 46).  Both motions were denied.  (Doc. 45 & 48).

Defense counsel made numerous objections to the PSR, enumerated in more detail below, each of which were overruled. (doc. 65 at 3-34).  Defendant was sentenced to a term of 120 months imprisonment to run consecutively to any other sentence currently being served, followed by a three year term of supervised release, a fine of $800.00 and a special monetary assessment of $100.00. (Doc. 50, 51).

Defendant filed a notice of appeal, and counsel filed a second motion to withdraw, which was granted. (Doc. 49, 54). Attorney Michael Robert Ufferman was appointed to represent the defendant on his appeal. (Doc. 61). On appeal, defendant raised the following issues: (1) the evidence was insufficient to convict; (2) he was subjected to "vindictive prosecution;" (3) the district court abused its discretion in denying his motion for change of venue; (4) the district court constructively amended the indictment; (5) the court abused its discretion in permitting the government to introduce evidence of collateral offenses and bad acts pursuant to Fed.R.Evid. 404(b); (6) the court infringed his right against self-incrimination by allowing the government to introduce statements he made, ie., the portion of the transcript of the April 25, 2003 sentencing hearing set out above; (7) the court erred in denying his request to present the testimony of those present at the April 25, 2003 sentencing hearing, including Judge Vinson; (8) the court abused its discretion in denying his attorney's motion to withdraw and the appointment of substitute counsel; (9) the court erred in denying his motion to dismiss the case on the basis of the government's failure to produce the "writ/detainer that caused [his] transfer . . . from the Middle District of Pennsylvania to the Northern District of Florida; (10) the court erred in denying his motion to dismiss due to the delay in bringing his case to trial; (11) the court abused its discretion in denying his request for a continuance of the sentencing hearing; (12) the Double Jeopardy Clause barred the court from

imposing any sentence at all because a sentence would punish him for the conduct charged in case 3:02cr110/RV for which he had already been sentenced and (13) the sentence he received was unreasonable. (Doc. 82 at 8-9). The Eleventh Circuit affirmed his conviction and sentence. (Doc. 82).

In the instant motion, defendant claims that his court appointed counsel was constitutionally ineffective in several respects. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable

considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore,* 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

A.  <u>Failure to request limiting instruction</u>

Defendant first contends that counsel's performance was constitutionally deficient because he failed to request a limiting instruction relating to the jury's consideration of defendant's "bad acts."  Because no evidence was admitted pursuant to Fed.R.Evid. 404(b), this ground is without merit.  In any event the jury was instructed that evidence of the defendant's prior conviction of a crime could be considered only in deciding whether to "believe or disbelieve him as a witness and must never be considered as evidence of guilt of the crime for which the defendant is on trial." (Doc. 68 at 176, 178-79).  There was no basis for counsel to request any further limiting instruction.  Counsel is not ineffective for failing to preserve or argue a meritless claim.  *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore,* 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

B.  <u>Failure to Enter Transcripts into Evidence</u>

Defendant maintains that counsel was ineffective because he did not introduce the entire sentencing transcript from case 3:02cr110. Defendant contends that when he testified in this case, his testimony was impeached by a portion of the transcript of the prior sentencing hearing, but that a different page of the transcript

containing a prior <u>consistent</u> statement was not introduced.  He claims that had the jury been able to view and compare his entire exchange with the sentencing court in the previous case that occurred contemporaneous with the statement and gesture at issue, there is a "reasonable probability" that he would have been acquitted.

The entire reference to the incident was covered in three pages of the sentencing transcript. (Doc. 85, exh. 3 at 2-4).  The exchange between the defendant and the court at the prior proceeding took place over two pages.  Only page 18, the first portion of the dialogue, was introduced into evidence. (Doc. 68 at 151-153, 156). After the court reporter had brought defendant's actions to the court's attention, the court directed him to stand and the following took place:

> THE COURT: And you have already gotten yourself into some serious trouble.  And you may be subject to even more serious charges as a result of that.
>
> THE DEFENDANT: I didn't threaten the probation officer.
>
> THE COURT: That - - that is contempt of this court.  Threats to anybody involved in this judicial proceeding are very serious matters.
>
> THE DEFENDANT: I didn't threaten the probation officer.
>
> THE COURT: What did you do?
>
> THE DEFENDANT: All I did was - - I did do this (indicating) motion, but I - -
>
> THE COURT: And you didn't mouth - - you didn't mouth other words, like you bitch?
>
> THE DEFENDANT: No.
>
> THE COURT: And what else?
>
> THE DEFENDANT: Yeah, I did mouth those words, but - -
>
> THE COURT: What?
>
> THE DEFENDANT: - - I didn't threaten her.
>
> THE COURT: Just a moment.

>Ms. Easterling?
>
>(Page break)
>
>MS. EASTERLING: That's how I perceived it, Your Honor.
>
>THE DEFENDANT: What I was saying, Your Honor, I sat down, I looked over, she looked at my way, and I said this is a bitch, and I just did this to myself. But you are gonna hang me, I know that.
>
>THE COURT: Is that what's you are saying now?
>
>THE DEFENDANT: But I'm not saying that she - - no, sir, I did not direct it toward the probation officer. Mr. Rayborn mis - - misunderstood that. I said, this is a bitch, and I did this to myself, because I know what you are gonna do. You've done it all the way through the trial. I know that I'm not guilty. You call me a liar. So you can do what you've got to do, sir, but I didn't disrespect anyone in the courtroom, neither will I disrespect anyone in the courtroom. I haven't to this date. And if I have, I apologize. I did not threaten her. If you want to find me in contempt, well, that's your discretion, sir.
>
>THE COURT: Well, I consider that to be a threat. I think that's obviously a threat.
>
>THE DEFENDANT: I did not threaten her, sir. And if you - -
>
>THE COURT: Stand right there, and we will move on and finish this sentencing.

(Doc. 65, exh. 3 at 3-4). Defendant contends that had the second page of the exchange been introduced into evidence, as maintains both he and the prosecutor intended, he would have been acquitted. Defendant believes page 19 would have shown the jury that his explanation that he merely stated "this is a bitch" was not recently fabricated. Defense counsel objected to the admission of any portion of the transcript, although that objection was overruled. There was no specific discussion of this on the record, but the court notes that page 19 reflects that

...
...

contemporaneously with the event in question Ms. Easterling stated that she perceived defendant's actions to be a threat, as did the presiding judge. It would have been a reasonable strategic decision of counsel not to seek admission of page 19 of the transcript to avoid allowing the jury to see these statements. Defendant has failed to overcome the "strong presumption that his counsel rendered reasonable professional assistance." *Dingle*, 480 F.3d at 1099 (citing *Strickland*, at 689, 104 S.Ct. at 2065 (explaining that we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy' ") (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955))). Considering all the circumstances, the court must give great deference to choices dictated by reasonable strategy. *Dingle,* 480 F.3d at 1099 (citing *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994); *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) (stating we must, "in a highly deferential manner, examine 'whether counsel's assistance was reasonable considering all the circumstances'") (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065)). In this case, counsel's failure to seek admission of a transcript reflecting that both a district judge and the victim of the alleged threat interpreted it as such was not professionally unreasonable.

Furthermore, the court cannot say that the outcome of the proceedings would have been different had page 19 been admitted. The jury had heard the testimony from Ms. Easterling that she perceived the defendant's actions as an attempt to intimidate her and as a threat. (Doc. 68 at 96). It has also heard testimony from court reporter Paul Rayborn that he observed the defendant's actions, perceived it as a threat to Ms. Easterling, interrupted the court proceedings to bring it to the attention of the presiding judge, and that in his 28 years of court reporting he had "never seen anything that was quite this chilling" (doc. 68 at 120-121). Admission of page 19

would not necessarily have inured in defendant's favor, and he has not shown his entitlement to relief.

### C. Failure to address all objections to PSR

Defendant claims that counsel failed to address all objections to the PSR that were filed by the defense and remained unresolved prior to sentencing. He does not identify the objections that counsel failed to address or state what arguments should have been made. In fact, the record reflects that counsel objected to every enhancement applied to his client. (Doc. 42, 43). At sentencing, he first objected to the eight point adjustment for a physical threat, as a *Booker* type argument, which was overruled. (Doc. 65 at 4-8). Counsel then objected to the two point obstruction of justice adjustment. (Doc. 65 at 8-12). Counsel then broached the issue of concurrent versus consecutive sentences. (Doc. 65 at 12-22). Counsel challenged the addition of three points added for the victim being someone in the performance of their official duties, claiming that this was duplicative punishment, since that fact was charged in the indictment. (Doc. 65 at 22- 26). Finally, defense counsel argued about the "grouping" of the offenses. (Doc. 65 at 27-31). The fact that counsel's objections were overruled does not reflect a deficiency in counsel's performance.

The court has reviewed the remaining objections filed by counsel relating to the scoring of his client's past offenses and the resulting criminal history category. No error is apparent from the PSR or the addendum thereto. The court finds that defendant has failed to establish any constitutional inadequacy in counsel's performance.

### D. Failure to offer mitigating factors at sentencing

Defendant complains that counsel did not offer mitigating factors in his behalf at sentencing, but he does not identify any supposed mitigating factors that counsel could have argued. Such a conclusory assertion does not entitle him to relief.

Furthermore, he was given the opportunity to exercise his right of allocution, at which point he had the opportunity to offer facts in mitigation, and he did so. (Doc. 65 at 34-39).

E. <u>Failure to request District Court's compliance with 18 U.S.C. § 3553(a)</u>

Defendant's last claim for relief is that counsel did not request that the district court state on the record how the sentence imposed satisfied the statutory requirements of 18 U.S.C. § 3553(a). When the error upon which a claim of ineffective assistance of counsel is based is the failure to object to an error committed by the district court, that underlying error must at least rise to the level of a plain error. *Gordon v. U.S.*, 2007 WL 2385078, *5 (11th Cir. 2007). To be entitled to relief under this standard, defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Under this standard, a reviewing court "correct[s] only for errors that are particularly egregious and that seriously affect the fairness, integrity, or public reputation of judicial proceedings, and then only when a miscarriage of justice would result." *Untied States v. Puche*, 350 F.3d 1137, 1151 (11th Cir. 2003) (internal quotation omitted); see also *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005); *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). On direct appeal, the Eleventh Circuit found that the defendant's sentence was reasonable, and thus, while the district court did not specifically state on the record how the sentence it imposed satisfied the sentencing purposes listed in § 3553(a), its failure to do so did not affect the defendants' substantial rights.

The government notes in its memorandum that the Eleventh Circuit held, after defendant's sentencing, that the district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. *U.S. v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007) (citing *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam)). Rather, an acknowledgment by the district court that

it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* In a subsequent case, the Supreme Court noted that the sentencing judge had listened to the parties' arguments and considered the supporting evidence and stated that "[w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita v. United States.* ___ U.S. ___, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). The record in this case reflects consideration of the arguments of the parties and the evidence, and thus no error, and counsel was not ineffective for his failure to object.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 83) be DENIED.

At Pensacola, Florida, this 21st day of September, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:04cr88/LAC; 3:07cv307/LAC/MD*